UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JANE DOE,<br><br>      Plaintiff,<br><br>      v.<br><br>JONATHAN REES, a/k/a GREG ELLIS,<br>a/k/a JONNY REES,<br><br>      Defendant. | Case No.: 3:25-cv-133 |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY**

Plaintiff, Jane Doe ("Plaintiff" or "Jane Doe"), by and through her undersigned counsel, respectfully submits this memorandum of law in support of her motion to proceed anonymously in this action. Plaintiff seeks to proceed under the pseudonym "Jane Doe" due to the highly sensitive and personal nature of the facts of the case, the risk of significant harm should her identity be disclosed, and the need to preserve her privacy, as explained below.

**STATEMENT OF FACTS**

Plaintiff commenced an action in the United States District Court for the Northern District of New York (the "NDNY") asserting claims against Defendant, Jonathan Rees ("Defendant"). Those claims arose from Rees's campaign of harassment, violations of restraining orders, threats, retaliation and defamation against Plaintiff. That campaign included Rees's nonconsensual dissemination of an "intimate visual depiction" of Plaintiff, as defined in 15 U.S.C. § 6851(a)(5), and colloquially known as "revenge porn." *See Doe v. Rees*, case number 23-cv-01352 (TJM/ML), ECF 1 (the "NDNY Action"). Among the claims asserted in

the NDNY action were violations of federal and state privacy laws, intentional infliction of emotional distress, and defamation. NDNY Action, ECF 64.

The NDNY granted Plaintiff's motion to proceed anonymously, finding that her interest in anonymity outweighed the public's interest in disclosure and any prejudice to Defendant. NDNY Action, ECF 13 (the "NDNY Order" attached as Exhibit ("Ex.") A). In the NDNY Order, the court expressly adopted Plaintiff's arguments, NDNY Action, ECF 2—substantially the same arguments now made on this motion. *Id*.

Plaintiff later filed a Supplemental and Amended Complaint, alleging that Defendant committed malicious prosecution against Plaintiff, through baseless and fabricated court filings. NDNY Action, ECF 64. In fact, Defendant was recently indicted in a New York state court for that very conduct against Plaintiff. *See* NDNY Action, ECF 90.

This action builds on—and seeks a remedy in aid of—the NDNY Action: Defendant engaged in fraudulent transfers intended to hinder, delay, or defraud Plaintiff in her capacity as a creditor. Specifically, *after* Plaintiff commenced the NDNY Action, and after Defendant knew of the NDNY Action, Defendant transferred New York real property, and used the proceeds to acquire real property in Indiana. NDNY Action, ECF 64 ¶¶ 121-127. Plaintiff, in a separate and additional motion filed today, seeks to attach that Indiana property.

**ARGUMENT**

The Court should grant Plaintiff's motion to proceed anonymously, for two alternative reasons. *First*, under the doctrine of issue preclusion, Defendant is precluded from re-litigating the issue of anonymity, already decided in the NDNY Action. *Second*, in the alternative, if re-litigation is not precluded, Plaintiff satisfies the applicable test for proceeding anonymously.

2

# POINT I

## DEFENDANT IS PRECLUDED FROM RE-LITIGATING THIS ISSUE

The preclusive effect of a judgment of a federal court—here, the NDNY—presents a question of federal law. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008); *Adams v. City of Indianapolis*, 742 F.3d 720, 735 (7th Cir. 2014). Under federal law, "[i]ssue preclusion prevents a party from relitigating issues that were resolved in a prior legal action." *In re Calvert*, 913 F.3d 697, 701 (7th Cir. 2019). A party "invoking preclusion must show that (1) the issue sought to be precluded is the same as that involved in the prior litigation, (2) the issue [was] actually litigated, (3) the determination of the issue [was] essential to the final judgment, and (4) the party against whom estoppel is invoked [was] fully represented in the prior action." *Id*. (citing cases).

Here, Plaintiff satisfies all four factors.

*First*, the issue sought to be precluded—whether Plaintiff may proceed anonymously—is the same issue in the prior, NDNY Action. *See* NDNY Action, ECF 2, 13 (attached as Exhibits B and A, respectively).

*Second*, the issue was "actually litigated[.]" Plaintiff moved to proceed anonymously, and the NDNY granted that motion. *Id*.

*Third*, the determination that Plaintiff may proceed anonymously was essential to the NDNY Order.[1] Thus, in the NDNY Action, the Court specifically held:

> TEXT ORDER: The Court, having considered the factors set forth in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 18990 (2d Cir. 2008), concludes that Plaintiff may proceed by pseudonym in this case. Plaintiff's interest in anonymity in this case which involves matters that are highly sensitive and of a personal nature outweighs the public's interest in disclosure and any prejudice to

---

[1] *Calvert* refers to a determination essential to a "final" judgment. *See* 913 F.3d at 701. Here, the NDNY Order has sufficient finality: Under the collateral order doctrine, Defendant had the right to an immediate appeal from the NDNY Order, although he did not exercise that right. *United States v. Pilcher*, 950 F.3d 39, 41 (2d Cir. 2020); *see also Doe v. Vill. of Deerfield*, 819 F.3d 372, 376-77 (7th Cir. 2016).

> Defendant. The Court also finds Plaintiffs arguments and analysis in Motion For Leave To Appear Anonymously [ECF 2] persuasive and adopts the analysis. Therefore, Plaintiff Motion For Leave To Appear Anonymously [ECF 2] is GRANTED and Plaintiff is authorized to proceed by pseudonym pursuant to the factors set forth in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008); *Doe v. Del Rio*, 241 F.R.D. 154, 156 (S.D.N.Y. 2006) (citing *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974)); *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 224 (S.D.N.Y. 2015); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); and *Westmoreland v. Columbia Broad. Sys., Inc.*, 752 F.2d 16, 23 (2d Cir. 1984). Any reference to Plaintiff within docket filings will be made using the name, Jane Doe. Any documents to be filed on the docket containing references to Plaintiffs actual name are to be redacted accordingly, with unredacted versions filed under seal, if necessary. SO ORDERED by U.S. Magistrate Judge Miroslav Lovric on 1/3/2024.

Exhibit A.

*Fourth*, Defendant, the party against whom issue preclusion is now invoked, was fully represented in the NDNY Action. NDNY Action, ECF 14-15. To be sure, the NDNY granted Plaintiff's motion to proceed anonymously on January 3, 2024, Exhibit A, and Defendant appeared through counsel only nine days later, on January 12, 2024. NDNY Action, ECF 14-15. Nevertheless, Defendant, through counsel, could have sought reconsideration of the NDNY Order,[2] and/or could have appealed the NDNY Order to the Second Circuit. *See supra*, footnote 1; *Pilcher*, 950 F.3d at 41; Fed. R. Civ. P. 4(a)(1)(A) (notice of appeal "must be filed with the district clerk within 30 days after entry of the . . . order appealed from[]"). Defendant neither sought reconsideration of the NDNY Order nor filed an appeal, as he had the right to do.

In sum, for the foregoing reasons, the Court should preclude the re-litigation of the issue presented here—whether Plaintiff may proceed anonymously in an action against Defendant— and should grant Plaintiff's current motion.

---

[2] *Mennen Co. v. Gillette Co.*, 719 F.2d 568, 570 (2d Cir. 1983) ("[I]t is customarily the duty of trial counsel to monitor the docket and to advise himself when the court enters an order against which he wishes to protest[]"); *United States ex rel. McAllan v. City of New York*, 248 F.3d 48, 53 (2d Cir. 2001) ("parties have an obligation to monitor the docket sheet to inform themselves of the entry of orders they wish to appeal[]").

## POINT II

## IN THE ALTERNATIVE, PLAINTIFF SATISFIES
## THE TEST FOR PROCEEDING ANONYMOUSLY

In the alternative, if re-litigation is not precluded, the Court should grant this motion on the merits.

"To proceed anonymously, a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Vill. of Deerfield*, 819 F.3d at 377 (cleaned-up). "In some situations, a litigant's use of a fictitious name is warranted. Such situations include protecting the identities of children, rape victims, and other particularly vulnerable parties. Further, a party's allegation of fear of retaliation is often a compelling ground in favor of anonymity." *Id*. (internal citations and quotations omitted.)

This case presents the requisite exceptional circumstances. The following factors weigh heavily in favor of allowing Plaintiff to proceed anonymously:

1.　**Sensitive and Personal Nature of the Allegations**: Plaintiff's claims involve deeply personal and private matters, including the nonconsensual dissemination of an intimate visual depiction, and threats of further dissemination and harm. *See* Complaint ¶¶ 15-45. Disclosure of her identity would exacerbate her harm and humiliation, which courts have recognized as a compelling justification for anonymity. *See Vill. of Deerfield*, 819 F.3d at 377. Indeed, the NDNY allowed Plaintiff to proceed under a pseudonym on the same underlying facts and legal arguments presented in this motion. *See* Exhibits A-B.

Congress, furthermore, has demonstrated a public policy that supports anonymity here. Thus, Congress explicitly provided that a party in Plaintiff's vulnerable position—that is, the

5

victim of the dissemination of an intimate visual depiction—has the right to proceed anonymously, in the court's discretion, under 15 U.S.C. § 6851(b)(3)(B).

The NDNY Order allowed Plaintiff to proceed anonymously. Exhibit A. This action builds upon, and seeks a remedy in aid of, the NDNY Action—an attachment of assets to prevent Defendant from further frustration of Plaintiff and her claims. This Court should therefore extend the holding—and the protections—of the NDNY Order to this action.

2.    **Risk of Retaliation and Harm**: Defendant's documented history of harassment, threats, and retaliation underscores the need to protect Plaintiff's identity. In fact, Defendant was recently indicted in a New York state court for retaliatory conduct: In 2022, Plaintiff won a temporary order of protection against Defendant in a California court. In retaliation, Defendant fabricated evidence against Plaintiff, which he filed in a New York court, in "support" of his own—but unsuccessful—domestic violence case against Plaintiff. *See* NDNY Action, ECF 90. As detailed in both the NDNY Supplemental and Amended Complaint, and the Complaint in this action, Defendant has engaged in egregious behavior, including disseminating private images, harassing Plaintiff's family and business associates, and fabricating false narratives to harm her reputation.

3.    **Public Interest**: In general, of course, the law recognizes a public interest in open judicial proceedings. Here, however, the public's ability to understand and follow this case will not be impaired by Plaintiff proceeding under a pseudonym. The factual and substantive legal issues will remain fully accessible to the public.

4.    **No Prejudice to Defendant**: Defendant will suffer no prejudice if Plaintiff proceeds anonymously here. Defendant already knows Plaintiff's identity and he can fully defend himself against her claims without *public* disclosure of Plaintiff's name.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's motion to proceed anonymously in this action.

February 10, 2025                               Respectfully submitted

                                                /s/ John A. Conway
                                                John A. Conway (27712-71)
                                                Brianna Wittig (39072-71)
                                                SOUTHBANK LEGAL
                                                100 E. Wayne Street, Suite 300
                                                South Bend, IN 46601
                                                (574) 969-0966
                                                jconway@southbank.legal
                                                bwittig@southbank.legal


                                                /s/ Kenneth A. Caruso*
                                                Kenneth A. Caruso
                                                KENNETH CARUSO LAW LLC
                                                15 W. 72nd Street
                                                New York, NY 10023
                                                (646) 599-4970
                                                ken.caruso@kennethcarusolaw.com

                                                and

                                                /s/ David Labkowski*
                                                David Labkowski
                                                LABKOWSKI LAW, P.A.
                                                1200 Brickell Avenue, Suite 800
                                                Miami, FL 33131
                                                (786) 461-1340
                                                david@labkowskilaw.com

                                                *Attorneys for Plaintiff Jane Doe*

*Pro hac vice admission pending

7

**Certificate of Service**

I certify that on February 10, 2025, I electronically filed the foregoing document using the CM/ECF system and served this Motion on Defendant pursuant to the Federal Rules of Procedure and the Indiana Trial Rules.

/s/ John A. Conway
John A. Conway