UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JANE DOE, | |
| Plaintiff, | |
| v. | CASE NO. 3:25-CV-133-DRL-SJF |
| JONATHAN REES, | |
| Defendant. | |

**OPINION and ORDER**

Plaintiff filed this case on February 10, 2025, along with the following two motions: a Motion to Proceed Anonymously [DE 3] and a Motion for Prejudgment Attachment [DE 5]. On February 20, 2025, Plaintiff filed a Motion for Expedited Consideration of her Motion for Prejudgment Attachment, or, in the alternative, to Proceed *Ex Parte* [DE 13]. Given Plaintiff's request for expedited review, the Court now considers the latter two motions.[1]

The Court grants Plaintiff's Motion for Expedited Consideration and, accordingly, has expedited its review of her Motion for Prejudgment Attachment. But for the reasons stated below, the Court must take the Motion for Prejudgment Attachment under advisement so that Plaintiff may demonstrate compliance with Indiana Code § 34-25-2-5.

---

[1] The Court will address Plaintiff's Motion to Proceed Anonymously via separate order in due course.

**I.    Background**

Plaintiff filed the above captioned action under Indiana's Uniform Fraudulent Transfers Act, Ind. Code § 32-18-2-1 *et seq.*[2] In her complaint, Plaintiff explains that, in October 2023, she sued Defendant in the United States District Court for the Northern District of New York ("the NDNY Action") after Defendant engaged in a "campaign of harassment, threats and false publications" against her.[3] [DE 6 at 2]. Plaintiff's complaint in the NDNY Action alleged that Defendant violated 15 U.S.C. § 6851 because, as part of his campaign against her, Defendant disclosed an Intimate Visual Depiction of Plaintiff. Plaintiff also alleged tort claims under New York law: violation of New York Civil Rights Law § 52-b(1), intentional infliction of emotional distress, defamation, and malicious prosecution. [*Id.*] Plaintiff served Defendant in the NDNY Action on November 15, 2023. [DE 6-1 at 10, ¶35]. After protracted litigation—including the withdrawal of Defendant's counsel and Defendant's violation of many court orders while he proceeded *pro se*—Plaintiff obtained a Clerk's Entry of Default against Defendant and moved for default judgment seeking damages, attorneys' fees, and

---

[2] Plaintiff does not directly cite this statute in her complaint, but because she invokes this Court's diversity jurisdiction, Indiana law applies. *See Land v. Yamaha Motor Corp.*, 272 F.3d 514, 516 (7th Cir. 2001) ("A federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits."). Plaintiff confirms that she is proceeding under this statute in her Motion for Prejudgment Attachment. [DE 6 at 15, 17 (discussing potential choice-of-law questions and noting that both Indiana and New York have enacted the Uniform Fraudulent Transfer Act.)].

[3] Plaintiff's complaint and declaration raise several concerning allegations about Defendant's actions and the parties' prior relationship. In the interest of entering an expeditious ruling on Plaintiff's motion, the Court does not recount all of Plaintiff's allegations in detail here. But the Court's summary description of Plaintiff's allegations is not intended to diminish their seriousness or to suggest that the Court has not considered them when ruling on the motions.

interest in an amount between $3-$5 million. Her motion for default judgment in the NDNY Action remains pending. [DE 6 at 17].

Plaintiff contends that, after she filed the NDNY Action, Defendant took several actions meant to hinder, delay, and defraud her. First, on November 21, 2023—about a month after Plaintiff began the NDNY Action and six days after Defendant was served—Defendant entered a contract to sell the property he owned in New York state ("the New York Property"). Plaintiff alleges that Defendant sold the New York Property "quietly," as he sold it to his neighbor without the use of a real estate broker/agent or any public marketing of the property. [DE 6 at 6]. Defendant then purchased property in Michigan City, Indiana ("the Indiana Property") using the proceeds from the sale of the New York Property. Plaintiff's motion includes a copy of the Sales Disclosure Form for the Indiana Property. [*See* Exhibit E; DE 6-6]. The Sales Disclosure Form lists the buyer as "Jonathan Rees a/k/a Greg Ellis, Special Trustee." [*Id.* at 3].

Plaintiff also alleges that on January 22, 2024, Defendant organized a limited liability company ("LLC") – Morf LLC – under the laws of the State of Wyoming. That same day, Defendant made Morf, LLC the titular owner of his Tesla vehicle. Finally, on January 23, 2024—the very next day—Plaintiff alleges that Defendant's counsel informed her counsel that Defendant was "judgment-proof." [DE 13 at 4].

Plaintiff contends that these transfers were made to hinder, delay, and defraud Plaintiff, prompting her to file this action here. Plaintiff now also seeks prejudgment attachment of the Indiana Property to protect the status quo while her case is pending

3

in this Court. [*Id.*]. Plaintiff also seeks expedited review of her motion for prejudgment attachment.

## II.     Legal Standard

Indiana law applies to Plaintiff's request for prejudgment attachment. *See* Fed. R. Civ. P. 64(a) ("At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment."); *see also Granny Goose Foods v. Brotherhood of Teamsters & Auto Truck Drivers, Local No. 70*, 415 U.S. 423, 436 n.10 (1974) (stating that federal courts must apply state law to determine whether attachment is permitted). The Indiana Uniform Fraudulent Transfers Act—through which Plaintiff brings her claims here—likewise provides for the use of the provisional remedy of prejudgment attachment. *See* Ind. Code § 32-18-2-17(a)(2) ("In an action for relief against a transfer or an obligation under this chapter, a creditor, subject to the limitations in section 18 of this chapter, may obtain any of the following: . . . (2) An attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with the procedure prescribed by IC 34-25-2-1 . . . .")

Indiana law has two provisions authorizing prejudgment attachment. First, Indiana Trial Rule 64(A)(1) provides that "all remedies providing for seizure of person or property for purposes of securing satisfaction of the judgment . . . are available under the circumstances and in the manner provided by law." Second, as referenced in the Indiana Uniform Fraudulent Transfers Act, Indiana Code § 34-25-2-1(b) authorizes

prejudgment attachment. Specifically, it provides six circumstances through which a plaintiff may seek to attach property to secure satisfaction of a potential judgment:

> The plaintiff may attach property when the action is for the recovery of money and the defendant:
> (1) is . . . a foreign corporation or a nonresident of Indiana;
> (2) is . . . secretly leaving or has left Indiana with intent to defraud:
>     (A) the defendant's creditor's;
>     (B) the state;
>     (C) a municipal corporation;
>     (D) a political subdivision, or
>     (E) a school corporation . . .;
> (3) is concealed so that a summons cannot be served upon the defendant;
> (4) is removing or about to remove the defendant's property subject to execution . . . outside Indiana, not leaving enough behind to satisfy the plaintiff's claim;
> (5) has sold, conveyed or otherwise disposed of the defendant's property subject to execution, or permitted the property to be sold with the fraudulent intent to cheat, hinder, or delay:
>     (A) the defendant's creditors;
>     (B) the state;
>     (C) a municipal corporation;
>     (D) a political subdivision; or
>     (E) a school corporation ...; or
> (6) is about to sell, convey, or otherwise dispose of the defendant's property subject to execution with the fraudulent intent to cheat, hinder, or delay:
>     (A) the defendant's creditors;
>     (B) the state;
>     (C) a municipal corporation;
>     (D) a political subdivision; or
>     (E) a school corporation....

How a plaintiff moves for prejudgment attachment is provided for in Ind. Code §§ 34-25-2-4 to -5. First, a plaintiff must include an affidavit stating "(1) the nature of the plaintiff's claim; (2) that the plaintiff's claim is just; (3) the amount that the plaintiff ought to recover; and (4) that one (1) of the grounds in [Indiana Code § 34-25-2-1(b)] is present." Ind. Code § 34-25-2-4. Second, a plaintiff must also "execute a written undertaking, with sufficient surety . . . to the effect that the plaintiff will (1) duly prosecute the proceeding in attachment; and (2) pay all damages that may be sustained

by the defendant if the proceedings of the plaintiff are wrongful and oppressive." Ind. Code § 34-25-2-5.

"Because statutory attachment operates in derogation of the common law, Indiana strictly construes [these statutory] provisions in determining its applicability." *Woodward v. Algie*, No. 1:13-CV-1435-RLY-DKL, 2014 WL 1414264, at *3 (S.D. Ind. Apr. 14, 2014); *see also Bond v. Templeton Coal Co.*, 988 N.E.2d 352, 355 (Ind. Ct. App. 2013) ("It is well established that 'a statute in derogation of the common law must be strictly construed,' as we 'presume that the legislature is aware of the common law and intends to make no changes therein beyond its declaration either by express terms or unmistakable implication.'") (internal citations omitted). Once the Court finds that the prejudgment attachment statute applies, "the statute should be liberally construed to effect its remedial nature." *Woodward*, 2014 WL 1414264, at *3 (citing *Schwedland v. Bachman,* 512 N.E.2d 445, 451 (Ind. Ct. App. 1987).

### III.   Discussion

#### A.   Motion for Expedited or *Ex Parte* Consideration [DE 13]

The Court must first address Plaintiff's motion for expedited or *ex parte* consideration of her motion for prejudgment attachment. Plaintiff filed this case and moved for prejudgment attachment on February 10, 2025, but Defendant was not served until February 21, 2025.[4] [*See* DE 14]. Defendant has not yet appeared, either through

---

[4] At least one court has found that service of process in the underlying action is required for the court to obtain jurisdiction over the action itself and the attachment proceedings *See* Provisional Remedies: Indiana, Practical Law State Q&A w-001-8431 (citing (*Boorum v. Ray*, 72 Ind. 151, 157 (1880)). Plaintiff has now submitted an affidavit of service, so the Court need not address this further.

counsel or *pro se*. Moreover, under this Court's local rules, an adverse party has fourteen days after service of a motion in which to serve and respond. N.D. Ind. L.R. 7-1(d)(3)(A). But Plaintiff asks that the Court consider her motion without waiting for Defendant to appear or answer because of Defendant's pattern of deception.

Indiana's attachment statutes do not address whether an adverse party requires notice before issuance of a prejudgment attachment. But, as Plaintiff contends, courts have considered such motions *ex parte*. See *Woodward*, 2014 WL 1414264, at *3; *Am. Acceptance Co LLC v. Goldberg et al.*, Case No. 2:08-cv-00009-JVB-PRC, docket entry 13 (citing *Lakes & Rivers Transfer, a Div. of Jack Gray v. Rudolph Robinson Steel Co.*, 736 N.E.2d 285, 291 (Ind. Ct. App. 2000)); *see also Runner v. Scott*, 50 N.E. 479, 482 (Ind. 1898)("It is not necessary that notice to the defendant in attachment be served at or before the issuance of the writ.")

Finding that the Court may consider a motion for prejudgment attachment on an expedited or *ex parte* basis, the Court must now determine whether to do so here. Plaintiff alleges that there is good cause to do so. In support, Plaintiff refers to Defendant's alleged fraudulent conduct after Plaintiff filed the NDNY Action—conduct which prompted Plaintiff to file this action. Plaintiff also directs the Court to Defendant's deceptive conduct in other litigation between the parties—conduct which led to Defendant's indictment in Chenango County, New York, for perjury, false statements, unlawful dissemination of an intimate image, harassment, and coercion. [*See* Exhibit A, Indictment of Defendant, at DE 6-2]. As to the latter conduct, Plaintiff explains that the parties were also involved in two domestic violence proceedings—one

7

in New York and one in California. Defendant filed the proceeding in New York, and in support of his domestic proceeding, Defendant submitted certain written evidence under penalties of perjury. [DE 13 at 4]. Computer forensics later showed that Defendant had materially altered the evidence he had submitted to the court, resulting in the referenced indictment. [*Id.* at 5].[5]

For these reasons, the Court will grant Plaintiff's Motion for Expedited Consideration and will proceed to rule on Plaintiff's Motion for Prejudgment Attachment. [DE 13].

### B.   Motion for Prejudgment Attachment of the Indiana Property [DE 6]

As stated, a plaintiff moving for prejudgment attachment must meet certain requirements. These requirements are "strictly construed." *Woodward*, 2014 WL 1414264, at *3. The Court now considers each requirement in turn.

#### 1.   Requirements (1), (2), and (3): the Nature of Plaintiff's Claim, Plaintiff's Claim is Just, and the Amount Plaintiff Ought to Recover

First, a plaintiff must present an affidavit showing "(1) the nature of the plaintiff's claim; (2) that the plaintiff's claim is just; (3) the amount that the plaintiff ought to recover; and (4) that one (1) of the grounds in [Indiana Code § 34-25-2-1(b)] is

---

[5] Finally, Plaintiff also alleges that her motion should be given expedited or *ex parte* review because her multiple tries to serve Defendant were initially thwarted. Plaintiff explains that Defendant has listed addresses in three states as his residence, but it is unclear whether any of these addresses are current. [DE 13 at 8]. Plaintiff thus maintains that Defendant's whereabouts are unknown and cannot be determined. That said, a week after Plaintiff filed the instant motion, she filed an Affidavit of Proof of Personal Service showing that Defendant had been served on February 21, 2025, at 7:27 a.m., when a process server left a copy of the summons and complaint at the front door of the Indiana Property. [DE 14 at 1]. Still, since Plaintiff alleges failed service attempts at multiple addresses previously provided by Defendant, the Court has considered this information here.

present." Ind. Code § 34-25-2-4. "The term affidavit has been defined at common law as being a written statement under oath taken before an authorized officer." *Yang v. Stafford*, 515 N.E.2d 1157, 1160 (Ind. Ct. App. 1987).

Here, Plaintiff has submitted a declaration under 28 U.S.C. § 1746. [DE 6-1]. This provision states that: "[w]herever, under any law of the United States . . . any matter is required or permitted to be supported, evidenced, established, or proved by the sworn . . . affidavit . . . such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury . . ." 28 U.S.C. § 1746. But, as stated, "[i]n a diversity case, federal courts apply federal procedural law and state substantive law[.]" *Burkhart Advert., Inc. v. Lowe's Home Ctr., Inc.*, 202 F. Supp. 2d 809, 814 (N.D. Ind. 2002). Thus, it is unclear whether this provision applies when the Court is construing Indiana law to determine whether to grant a prejudgment attachment. *Granny Goose Foods,* 415 U.S. at 436 n.10. In any event, Ind. R. Trial P. 11(B) similarly provides:

> *Verification by Affirmation or Representation.* When in connection with any civil or special statutory proceeding it is required that any pleading, motion, petition, supporting affidavit, or other document of any kind, be verified, or that an oath be taken, it shall be sufficient if the subscriber simply affirms the truth of the matter to be verified by an affirmation or representation in substantially the following language:
> "I (we) affirm, under the penalties for perjury, that the foregoing representation(s) is (are) true.
> (Signed) _____"
> Any person who falsifies an affirmation or representation of fact shall be subject to the same penalties as are prescribed by law for the making of a false affidavit.

Here, Plaintiff's Declaration concludes by stating that "I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge[,]

9

information and belief." [DE 6-1 at 12]. As Plaintiff's Declaration both invokes 28 U.S.C. § 1746 and affirms the truth in language substantially similar to that written in Trial Rule 11(B), the Court finds that the Declaration satisfies the form required by Ind. Code § 34-25-2-4.

Turning to the substance of her Declaration, Plaintiff asserts that Defendant intentionally transferred assets from New York to Indiana to hinder, delay, and defraud Plaintiff in violation of Indiana's Uniform Fraudulent Transfers Act. Plaintiff reports that, after she filed the NDNY Action, Defendant transferred the New York Property for at least $999,999 and then paid $914,000 for the Indiana Property. [DE 6-1 at 10, ¶ 73; at 12 ¶42]. Plaintiff states that she seeks to attach the Indiana Property purchased for $914,000, which would secure a portion of her ultimate recovery against Defendant.[6] [*Id.* at 9, ¶43].

Plaintiff need only meet notice pleading standards in her submission. *See Wee Scots, LLC v. Fleming*, 765 N.E.2d 668, 671 (Ind. Ct. App. 2002). Her statements demonstrate the nature of the claim, the amount to recover, and that her claim is just. Though she does not specifically say her claim is just in her Declaration, the justness of her claim is made plain by the nature of her claim and the allegations included in her affidavit. *Ludlow v. Ramsey, 78 U.S. 581, 586, 20 L. Ed. 216 (1870).* Accordingly, the Court finds that the substance of her Declaration suffices for the first three requirements of

---

[6] Plaintiff's motion also explains that she "seeks to avoid the transfers at issue, a money judgment for the value of the assets transferred, and an injunction against further transfers, as authorized by I.C. §§ 32-18-2-17 and 32-18-2-18(b) and (c)." [DE 6 at 17].

10

Ind. Code § 34-25-2-4. *See also Vukadinovich v. Posner*, No. 2:22-CV-118-TLS-JPK, 2023 WL 4348059, at *5 (N.D. Ind. July 3, 2023).

### 2. Requirement (4): One of the Grounds in Indiana Code § 34-25-2-1(b) is Present

Ind. Code § 34-25-2-4 also requires that "that one (1) of the grounds in [Ind. Code § 34-25-2-1(b)] is present." Plaintiff contends that three grounds are present here:

> The plaintiff may attach property when the action is for the recovery of money and the defendant:
> (1) is . . . a foreign corporation or a nonresident of Indiana;
> (2) is . . . secretly leaving or has left Indiana with intent to defraud:
>   (A) the defendant's creditor's;
> . . .
> (6) is about to sell, convey, or otherwise dispose of the defendant's property subject to execution with the fraudulent intent to cheat, hinder, or delay:
>   (A) the defendant's creditors[.]

As to the first ground, Plaintiff contends that, based on the address Defendant provided in the NDNY Action, he is a resident of Arizona. Plaintiff reports that Defendant was proceeding *pro se* in the NDNY Action and that, as a result of his *pro se* status, the court ordered him to provide a valid mailing address and email address. [DE 6-1 at 11 fn. 5]. The address Defendant provided to the court is an address in Phoenix, Arizona.[7] Plaintiff also states that Defendant is a dual British/American citizen with a British passport. [DE 6-1 at 2, ¶8].

Plaintiff's declaration also states the following under paragraphs (2)(A) and (6)(A): that she has "good reason to believe and do[es] believe, that Defendant is secretly leaving or has left Indiana with intent to defraud [her], as one of Defendant's creditors. [She] also [has] good reason to believe and do[es] believe, that Defendant is

---

[7] The address Defendant provided in the NDNY Action is a UPS branch in Phoenix, AZ. [*See* DE 6 at 12].

11

about to sell, convey, or otherwise dispose of his property subject to execution with the fraudulent intent to cheat, hinder or delay [her], one of Defendant's creditors." [DE 6-1 at 12, ¶44]. As stated, courts have found that only "notice pleading" is required, and as such, has found such statements to be sufficient to obtain an attachment by motion. *Wee Scots*, 765 N.E.2d at 671-72 ("The fact that [Plaintiff] tracked the statutory language in drafting her attachment motion does not render it insufficient); *see also Vukadinovich*, 2023 WL 4348059, at *5; *Wayne Mfg. LLC v. Cold Headed Fasteners & Assemblies Inc.*, No. 1:21-CV-00290-HAB-SLC, 2022 WL 2704478, at *3-*4 (N.D. Ind. July 12, 2022).

Accordingly, Plaintiff has shown that three grounds for attachment in Ind. Code § 34-25-2-1(b) are present. The Court now turns to the final requirement for prejudgment attachment in Ind. Code § 34-25-2-5.

### 3. Written Undertaking with Sufficient Surety

Ind. Code § 34-25-2-5 provides another requirement for prejudgment attachment:

> [T]he plaintiff or a person representing the plaintiff shall execute a written undertaking, with sufficient surety, to be approved by the clerk, payable to the defendant, to the effect that the plaintiff will:
> (1) duly prosecute the proceeding in attachment; and
> (2) pay all damages that may be sustained by the defendant if the proceedings of the plaintiff are wrongful and oppressive.

Plaintiff's Declaration [DE 6-1] does not include this written undertaking, nor has any such undertaking been separately filed. *See Am. Acceptance Co LLC v. Goldberg et al.*, Case No. 2:08-cv-00009-JVB-PRC, docket entry 5. But Plaintiff's motion does address this requirement by explaining that: "if and when the Court grants this motion for an attachment, Plaintiff will promptly execute such an undertaking, in an amount to be

12

fixed by the Court. Plaintiff respectfully requests that the Court fix that amount at $100,000." [DE 6 at 18].

Though Plaintiff indicates that she will execute a written undertaking, she has not yet done so. "The bond or written undertaking must be filed before the issuance of the order of attachment." 3 Ind. Law Encyc. Attachment § 15. Another court in this district has denied a motion for prejudgment attachment for failure to execute the written undertaking at the time of filing of the motion. *See Vukadinovich*, 2023 WL 4348059, at *5 ("Plaintiff has not shown that he *has* executed a written undertaking with sufficient surety to cover the damages Defendant would incur if the attachment is 'wrongful and oppressive,' in satisfaction of the requirements of § 34-25-2-5. For this reason alone, Plaintiff's Motion must be DENIED without prejudice.") (emphasis added).

Even if the Court found the statements that Plaintiff "will promptly execute such an undertaking" to suffice, without more, the Court cannot find that Plaintiff's proposed undertaking provides sufficient surety "to pay all damages that may be sustained by the defendant if the proceedings of the plaintiff are wrongful and oppressive." Ind. Code § § 34-25-2-5. In her motion, Plaintiff requests that the amount be fixed at $100,000 — even though she seeks to attach real property that Defendant purchased for $914,000. [DE 6 at 18; DE 6-1 at 12, ¶42]. In requesting this amount, "[n]o explanation of the calculation of this proposed amount was provided, specifically, no showing of how it meets the likely or possible damages that [Defendant] might sustain if these proceedings are found to be wrongful and oppressive." *Woodward*, 2014 WL

13

1414264, at *4. Other courts have denied motions for prejudgment attachment without prejudice for failure to explain a proposed surety or when the amount proposed by the plaintiff is otherwise insufficient. *Id.*; *see also Wayne Mfg. LLC*, 2022 WL 2704478, at *3-*4 (finding that a plaintiff's statement that it "is prepared to deposit $300,000 cash in a segregated fund to satisfy the surety requirement" was "woefully inadequate" to obtain a prejudgment attachment when the defendant submitted an affidavit stating its damages from the attachment would exceed $2 million).

As stated, "Indiana strictly construes [these statutory] provisions in determining its applicability." *Woodward*, 2014 WL 1414264, at *3. Moreover, "some courts have held that '[p]re-judgment attachments are not favored, principally because they are subject to a constitutional attack on due process grounds.'" *Vukadinovich*, 2023 WL 4348059, at *6 (internal citations omitted). Accordingly, without more, the Court cannot find that all statutory provisions apply to allow the Court to grant Plaintiff's motion. Still, given the nature of Plaintiff's claim and the expeditious review, the Court will not deny the motion without prejudice at this time. Instead, the Court will take the motion under advisement to let Plaintiff present a written undertaking with sufficient surety in compliance with the requirements in Ind. Code § 34-25-2-5.

## IV. Conclusion

For these reasons, the Court now:

- **GRANTS** Plaintiff's Motion for Expedited Consideration of Plaintiff's Motion for Prejudgment Attachment [DE 13]; and

14

- **TAKES UNDER ADVISEMENT** Plaintiff's Motion for Prejudgment Attachment. [DE 5]. Plaintiff is **ORDERED** to submit:

    (1) a written undertaking as contemplated by Ind. Code § 34-25-2-5;

    (2) an explanation regarding how the amount she has proposed provides sufficient surety for the damages Defendant would incur if an attachment order is found to "wrongful and oppressive" under Ind. Code § 34-25-2-5; and

    (3) a proposed order of attachment for the Court's use in the event that the Court finds that the motion for prejudgment attachment may be granted upon receipt of Plaintiff's additional filings.

These filings must be submitted by **March 6, 2025**, or else the Court will deny the motion without prejudice.

    **SO ORDERED** this 3rd day of March 2025.

                                              s/ Scott J. Frankel  
                                              Scott J. Frankel  
                                              United States Magistrate Judge