UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JANE DOE,

        Plaintiff,

v.                                      CAUSE NO. 3:25cv133 DRL-SJF

JONATHAN REES,

        Defendant.

## ORDER

On February 10, 2025, Jane Doe alleges Jonathan Rees, while defending against a parallel lawsuit between the parties in the Northern District of New York arising from his nonconsensual dissemination of an intimate depiction (colloquially called "revenge porn"), fraudulently transferred at least $999,999.99, became insolvent, and directly or indirectly purchased real property in Indiana. She seeks a money judgment for the amount of the transfer plus costs and postjudgment interest, prejudgment attachment of the real property, and permission to proceed anonymously. Mr. Rees has never appeared or responded despite being served on February 21, 2015 at what has been reported as his new but usual place of abode, and after a record of evading service of process.

On March 6, 2025, the court granted Ms. Doe's motion for prejudgment attachment, and, on April 3, 2025, the clerk's office made an entry of default under Rule 55(a) against Mr. Rees. Ms. Doe then filed a motion for default judgment under Rule 55(b) based on the admissions of liability by virtue of his failure to answer the complaint. She requests permission to proceed anonymously in run up to this default judgment.

"The norm in federal litigation is that all parties' names are public." *Doe v. Trs. of Ind. Univ.*, 101 F.4th 485, 491 (7th Cir. 2024). Save narrow exceptions like the risk of retaliation, *Doe 3 v. Elmbrook Sch. Dist.*, 658 F.3d 721-24 (7th Cir. 2011), "the complaint must name all the parties," Fed. R. Civ. P. 10(a). Only "exceptional circumstances" justify anonymizing an adult party. *E.A. v. Gardner*, 929 F.3d 922, 926 (7th Cir. 2019); *see also Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (plaintiff must show reasonable fear of severe harm from disclosure). Those exceptional circumstances exist here to justify letting Ms. Doe proceed pseudonymously. Based on the admitted allegations, Mr. Rees has a history of harassment, threats, and retaliation toward Ms. Doe. He already knows her identity, and the public will be able to adequately understand this litigation without knowledge of who she is. Her interest in anonymity outweighs the public's interest in disclosure and any prejudice to Mr. Rees.

An evidentiary hearing is required to determine damages unless the plaintiff seeks a reasonably certain amount that can be ascertained through documentary evidence or detailed affidavits, as is the case here. *See Domanus v. Lewicki*, 742 F.3d 290, 304 (7th Cir. 2014). Ms. Doe has established through an affidavit and documentary evidence that the property Mr. Rees purchased in Indiana was conveyed for $999,999.99 [21-1 ¶ 19; 21-2] and that she incurred costs of $405.00 [21-1 ¶ 19; 21-4]. These are sums certain. Postjudgment interest will accrue from April 9, 2025 by law, subject to any appeal. *See* 28 U.S.C. § 1961; *see also* Fed. R. App. P. 37; *Burlington N.R. Co. v. Woods*, 480 U.S. 1, 7 n.5 (1987).

Accordingly, the court GRANTS Ms. Doe's motions to proceed anonymously [3] and for default judgment against Mr. Rees [21]. The court DIRECTS the clerk to enter judgment

2

forthwith in Ms. Doe's favor and against Mr. Rees in the amount of $1,000,404.99, with postjudgment interest accruing since April 9, 2025, pursuant to 28 U.S.C. § 1961.

SO ORDERED.

April 16, 2025

*s/ Damon R. Leichty*
Judge, United States District Court